UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HUDSON,

        Petitioner,

                               CASE NO. 07-12985

v.

                               PAUL D. BORMAN

L.C. EICHENLAUB,                  UNITED STATES DISTRICT JUDGE

        Respondent.

_____/

## ORDER HOLDING CASE IN ABEYANCE AND DENYING
## PETITIONER'S PENDING MOTIONS WITHOUT PREJUDICE

Joseph Hudson ("Petitioner") has filed a *pro se* Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241. Also pending before the Court are Petitioner's Traverse Motion to Respondent's Answer to the Habeas Petition [Doc. 5, Sept. 14, 2007], Petitioner's Motion for Issuance of the Writ of Habeas Corpus [Doc. 6, Sept. 17, 2007], and Petitioner's Motion for an Order directing the Bureau of Prisons to immediately transfer him to an appropriate Residential Re-entry Center ("RRC")[1] [Doc. 12, Feb. 22, 2008]. Petitioner alleges in his Habeas Petition and pending motions that the Federal Bureau of Prisons ("the Bureau") has failed to apply the factors enumerated in 18 U.S.C. § 3621(b)[2] when considering whether to place him in an RRC. He

---

[1] RRCs are also known as Community Corrections Centers or halfway houses.

[2] This statute requires the Federal Bureau of Prisons to "designate the place of the prisoner's imprisonment." The statute also authorizes the Bureau to

> designate any available penal or correctional facility that meets minimum
> standards of health and habitability established by the Bureau, whether
> maintained by the Federal Government or otherwise and whether within or
> without the judicial district in which the person was convicted, that the Bureau

contends that the related federal regulations, 28 C.F.R. §§ 570.20-21,[3] are invalid and should not

---

> determines to be appropriate and suitable, considering
>
> **(1)** the resources of the facility contemplated;
> **(2)** the nature and circumstances of the offense;
> **(3)** the history and characteristics of the prisoner;
> **(4)** any statement by the court that imposed the sentence--
> > **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > **(B)** recommending a type of penal or correctional facility as appropriate; and
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

[3] The first of these two regulations reads:

> (a) This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.
>
> (b) As discussed in this subpart, the term "community confinement" includes Community Corrections Centers (CCC) (also known as "halfway houses") and home confinement.

28 C.F.R. § 570.20.

The second regulation provides:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example residential substance abuse treatment program (18 U.S.C. § 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. § 4046(C)).

28 C.F.R. § 570.21.

2

be used when determining eligibility for placement in an RRC. He claims that he is eligible for placement in an RRC now even if he is not entitled to such placement.

Respondent L. C. Eichenlaub ("Respondent") states in a Response to the Habeas Petition that the Bureau considered the factors outlined in 18 U.S.C. § 3621(b) when it determined Petitioner's custody level and that Petitioner currently is not eligible for placement in an RRC. Petitioner has a projected release date of November 28, 2008, and the Bureau anticipates that it will transfer Petitioner to an RRC on August 21, 2008.

Although four Federal Circuit Courts of Appeal have invalidated the federal regulations in question,[4] the First Circuit Court of Appeals recently held that the disputed regulations are a reasonable exercise of the Bureau's discretion in carrying out its duties under § 3621(b). *See Muniz v. Sabol*, __ F.3d __, __, Nos. 06-2692 and 06-2693, 2008 WL 497056, at *9 (1st Cir. Feb. 26, 2008). The Court of Appeals for the Sixth Circuit has yet to decide the issue, although the issue is pending before the Court of Appeals in *Holloway v. Marberry*, No. 07-2040 (6th Cir. 2007).

This Court is reluctant to rule on the merits of Petitioner's claims while the issue in dispute is pending before the Sixth Circuit in *Holloway*. Accordingly, this case is stayed pending a decision on the merits of the issue by the Court of Appeals for the Sixth Circuit. Petitioner's pending motions [Docs. 5, 6, and 12] are DENIED without prejudice.

---

[4] *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1165 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 87 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 244 (3d Cir. 2005).

s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: March 10, 2008

                        CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 10, 2008.


                                        s/Denise Goodine
                                        Case Manager