UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HUDSON,

        Petitioner,

                                             CASE NO. 07-12985

v.

                                             PAUL D. BORMAN

L.C. EICHENLAUB,                   UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**ORDER LIFTING STAY AND DIRECTING RESPONDENT TO FILE
AN ANSWER TO PETITIONER'S MOTION AND MANDAMUS PETITION**

On July 18, 2007, petitioner Joseph Hudson filed a *pro se* Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner sought an order directing the Bureau of Prisons to transfer him to a Residential Re-entry Center ("RRC"). Petitioner alleged that the Bureau of Prisons had failed to apply the factors enumerated in 18 U.S.C. § 3621(b) when considering whether to place him in an RRC. He argued that the related regulations, 28 C.F.R. §§ 570.20-21, were invalid and should not be used when determining a prisoner's eligibility for placement in an RRC. He claimed that he was eligible for placement in an RRC even if he was not entitled to such placement.

Respondent L. C. Eichenlaub stated in a Response to the Habeas Petition that Petitioner was not eligible for immediate placement in an RRC, but that he was expected to be transferred to an RRC on August 21, 2008, and released from custody on November 28, 2008. The Court stayed this case on March 10, 2008, because the legality of 28 C.F.R. §§ 570.21-22 was pending before the Court of Appeals for the Sixth Circuit in *Holloway v. Marberry*, No. 07-2040 (6th Cir.

2007).

On March 26, 2008, Petitioner filed a motion for a temporary restraining order and preliminary injunction, and on May 20, 2008, he filed a Petition for the Writ of Mandamus. He seeks placement at home or in an RRC due to a medical condition, which the Bureau of Prisons allegedly declines to treat.

Meanwhile, on May 19, 2008, the Court of Appeals granted the Government's motion for a voluntary dismissal in the Holloway case without deciding the legality of 28 C.F.R. §§ 570.21-22. *See Holloway v. Marberry*, No. 07-2040 (6th Cir. May 19, 2008) (unpublished). The Court also notes that, as a result of The Second Chance Act of 2007, Pub. L. No. 110-199 (Apr. 9, 2008), the Bureau of Prisons apparently has changed its policy on community confinement and intends to apply the Act to all inmates who were previously reviewed for RRC placement, but have not yet been transferred to an RRC. *See* Petition for Writ of Mandamus, Attachments A - C.

In light of the Bureau's apparent change in policy and Petitioner's pending motion and mandamus petition, the Court has decided to lift the stay imposed on March 10, 2008. Respondent is **ORDERED** to file an answer to Petitioner's motion and petition for a writ of mandamus and to address the impact of The Second Chance Act of 2007 on Petitioner's case. Respondent's answer shall be due within **twenty-one (21) days** of the date of this order.

                                                      s/Paul D. Borman
                                                      PAUL D. BORMAN
                                                      UNITED STATES DISTRICT JUDGE

Dated: June 10, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 10, 2008.

s/Denise Goodine
Case Manager
