UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH HUDSON,

        Petitioner,

                                    CASE NO. 07-12985

v.

                                    PAUL D. BORMAN
L.C. EICHENLAUB,                        UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION

### I. Background

On July 18, 2007, petitioner Joseph Hudson filed a *pro se* Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241. At the time, Petitioner was an inmate at the Federal Correctional Institution in Milan, Michigan (FCI-Milan).[1] He sought an order directing the Federal Bureau of Prisons to immediately consider him for placement in a Residential Re-entry Center ("RRC"), using the factors enumerated in 18 U.S.C. § 3621(b). Respondent L. C. Eichenlaub stated in a Response to the Habeas Petition that Petitioner was not eligible for immediate placement in an RRC, but that he was expected to be transferred to an RRC on August 21, 2008, and released from custody on November 28, 2008.

On March 26, 2008, Petitioner filed a motion for a temporary restraining order and a preliminary injunction. He sought home confinement or a transfer to an RRC so that he could

---

[1] United States District Judge Victoria A. Roberts sentenced Petitioner on November 30, 2005, to thirty-eight months in prison for (1) conspiracy to obtain property by fraud and (2) conversion of property for the use of any person, 18 U.S.C. §§ 666(a)(1)(A) and 371.

obtain his own medical care for osteoarthritis, spinal stenosis, and a torn rotator cuff. He claimed that the Bureau of Prisons declined to treat him for these conditions.

On May 20, 2008, Petitioner filed a Petition for the Writ of Mandamus, which alleges that Petitioner continues to be arbitrarily denied placement in an RRC, despite a new and favorable development in the law known as The Second Chance Act. Respondent L.C. Eichenlaub alleges in an answer to Petitioner's motion and mandamus petition that Petitioner has not exhausted administrative remedies for his medical claim and that Petitioner's request for placement in an RRC is moot.

## II. Discussion

Article III of the United States Constitution states that judicial power extends to cases and controversies. *See* U.S. CONST. art. III, § 2, cl.1. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings" and requires an actual injury that is capable of being "redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "[I]t is not enough that a dispute was very much alive when [the] suit was filed . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Id*. at 477-78 (internal and end citations and quotation marks omitted).

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). As explained in *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001):

> If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). Indeed, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities* [*v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000)] (citing *North Carolina v. Rice*, 404 U.S. 244,

2

246 (1971) ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction.")). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id*. at 1217 (citing *Hall*, 396 U.S. at 48).

The only relief that Petitioner has consistently sought is release from FCI-Milan and placement at home or a transfer to an RRC. The Bureau of Prisons re-considered Petitioner's request on June 16, 2008, and released him to an RRC on July 22, 2008. Thus, no actual injury remains to be addressed.

"Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, . . . the exception can be invoked only when '(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration.'" *Al Najjar*, 273 F.3d at 1336 (quoting *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir.1997)) (emphasis added in *Najjar*). Neither of these exceptions applies here. The challenged action was not too short to be fully litigated prior to cessation, and Petitioner is not likely to be subject to the same action again. He is expected to be released from custody in November of this year.

### III. Conclusion

This case has been rendered moot by Petitioner's placement in an RRC. *Marshek v. Eichenlaub*, 266 Fed. Appx. 392, 393, 2008 WL 227333, at **1 (6th Cir. Jan. 25, 2008) (unpublished); *Brock v. United States Dep't of Justice*, 256 Fed. Appx. 748, 749, 751, 2007 WL 4163854, at **1 & 2 (6th Cir. Nov. 21, 2007) (unpublished). Mootness deprives the Court of its power to act because there is nothing for the Court to remedy, even if it were disposed to do so. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). Courts "are not in the business of pronouncing that

3

past actions which have no demonstrable continuing effect were right or wrong." *Id*.

Accordingly, the Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 14, Mar. 26, 2008] and the Petition for Writ of Mandamus [Doc. 16, May 20, 2008] are **DENIED**, and the Habeas Corpus Petition [Doc. 1, July 18, 2007] is **DISMISSED** as moot. Petitioner's application to proceed *in forma pauperis* [Doc. 18, June 11, 2008] is moot because he paid the filing fee for this action when he filed his habeas petition.

**SO ORDERED**.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: August 19, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 19, 2008.

        s/Denise Goodine
        Case Manager